BOGGS, Circuit Judge,
concurring.
I agree with the conclusion of my fellow judges that, under our circuit’s precedent, this case must be remanded for further consideration, as Paige’s complaint should not have been dismissed at the Rule 12(b)(6) stage, especially given the stringent standard for such a dismissal. I generally agree with Judge Gilman’s analysis *285 of our proper procedure under Blum v. Yaretsky, rather than Judge McCalla’s view.
I write separately primarily to indicate that I believe that it remains rather problematic whether our retaliation analysis in Bloch v. Ribar, 156 F.3d 673 (6th Cir.1998), could survive a searching analysis under First Amendment doctrine. By that, I mean that the three elements of a cause of action for First Amendment retaliation, as properly set out by Judge Gil-man, ante, at 280-83, are wholly congruent with the following situation being an actionable tort:
1. Person A makes some silly and outrageous statement;
2. Person B, who is a state actor, publicly blasts Person A, causing third parties to realize that Person A is a chowderhead and take action against that person; and
3. Person B’s speech was a response to Person A’s speech.
When put that starkly, without qualification — which is what Bloch itself seems to do — the First Amendment implications should be somewhat obvious. See Bloch, 156 F.3d at 681-82 (“[A]n act taken [at least in part as a response to] the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper.”) (quoting Matzker v. Herr, 748 F.2d 1142, 1150 (7th Cir.1984)).
To make it less abstract, let us take this wholly hypothetical example: the dean of a public law school discovers one morning that one of her students has, in a private email, said something that could be construed as racist. The dean issues a public statement condemning the student (perhaps characterizing the e-mail falsely, perhaps not)[1] which causes the student to lose a previously promised position as a law clerk or law-firm associate. And, of course, the dean’s attack was motivated by the student’s speech. In such a hypothetical situation, it would appear that Bloch would make the dean potentially liable for damages under § 1983 and would, at the very least, allow litigation against the dean to proceed past the Rule 12(b)(6) stage.
However, since this does appear to be the state of our circuit’s law at this point, I concur in Judge Gilman’s opinion and in the judgment of the court, and leave such potential problems to be sorted out in the first instance upon remand.

. I note that another recent decision of this court analyzes a claim similar to the one in this case without requiring that the purportedly actionable speech be false or defamatory — merely that it "threaten [the plaintiff's] economic livelihood directly or indirectly.” Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 724 (6th Cir.2010).